HAMILTON COUNTY *et al. v.* TOWN OF EAST RIDGE.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

THOMAS S. MYERS, of Chattanooga, for appellants.

FRAZIER, ROBERTS & WEILL, of Chattanooga, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

The only question in this case is one of law. That question is whether the Town of East Ridge is a municipality within the meaning of Chapter 37 of the Public Acts of 1951, Williams' Code Supplement 1051.10 et seq., whereby the governing body of such a municipality may impose and collect a privilege tax not to. exceed ten (10%) percent on the retail sale of beer within the boundaries of the municipality.

The closely considered and able opinion of the Chancellor concluded that the Town of East Ridge is a municipality within the meaning of the aforesaid statute. Hamilton County has appealed.

By Section 1 of Chapter 37 of the Public Acts of 1951 it is provided that ''any county or incorporated municipality in this State'' may impose the privilege tax mentioned coextensive with its borders. That tax belongs to the municipality on sales of beer within its borders. It belongs to the county on sales anywhere else within the county's borders.

The charter of the Town of East Ridge, as that charter originally existed, is Chapter 569 of the Private Acts of 1921. That statute vests the Town of East Ridge with those powers generally employed for the promotion of the health, comfort and prosperity of the citizens as a whole within the boundaries of the town, including the power to levy *ad valorem* and privilege taxes, expend

those taxes for the general good, hold property, and make regulations with reference to public utilities, sue and be sued, etc. It creates a governing body elected by its citizens in the manner provided by the statute for the accomplishment of those ends.

As originally enacted, therefore, the Town of East Ridge was a municipal corporation within the meaning of our law. *Nichol* v. *Nashville,* 28 Tenn. 252, 261-263. Therefore, unless it ceased to be such by reason of subsequent charter amendments next to be stated, it clearly comes within the meaning of Chapter 37 of the Public Acts of 1951 authorizing municipal corporations to impose and collect this privilege tax.

By Chapter 189 of the Private Acts of 1933 this charter was amended so as to strike out the two following provisions of the original statute, to-wit:

(1). "To make regulations governing the good order of the inhabitants, and to provide penalties for the violation of its laws". Section 2, subsection (6). and

(2). "To provide for the organization, and regulation of a police department and a fire department." Section 2, subsection (8).

Other than the withdrawal (for some not apparrent reason) of authority to maintain a fire department, the 1933 amendment to the charter amounted to nothing more than withdrawal from the Town of East Ridge of the authority to exercise certain police powers which are inherent in the State. They are not inherent in a municipal corporation. *Penn-Dixie Cement Corp.* v. *Kingsport,* (189 Tenn. 450, 454, 455, 225 S. W. (2d) 270.

However, the Town of East Ridge continued under its charter to exist for the sole purpose of promoting the health, comfort and prosperity of the citizens as a whole

within its boundaries, and with all other powers originally given it for the accomplishment of that purpose. It continued, therefore, to have only those characteristics of local government which are the distinguishing features of a municipal corporation. 37 A. J., page 624.

The fact that there was withdrawn from the Town of East Ridge one or more of the powers which the legislature might delegate to a municipal corporation is a fact which does not deprive it of its former character; to-wit, a municipal corporation. "The delegation of higher and greater powers may be required (more) at one time than another, and they may, therefore, very properly be expanded or contracted at pleasure, according to the necessity of the case." *Nichol* v. *Nashville,* supra, 28 Tenn. at page 263.

For the reasons stated, it is the conclusion of this Court that the Chancellor was correct in decreeing that the Town of East Ridge is a municipal corporation within the meaning of the aforesaid beer tax statute. That decree will be affirmed with costs adjudged against Hamilton County.