Foy G. Crabtree *et al. v.* V. M. Stephens.

(*Knoxville,* September Term, 1954.)

Opinion filed April 7, 1955.

ROBERTS & WEILL, of Chattanooga, for appellants.

J. H. REDDY, of Chattanooga, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit originated in the Chancery Court of Hamilton County, Tennessee, wherein the complainant sought a declaratory judgment decreeing that the Town of East Ridge is a municipality within the meaning of Chapter 49, Public Acts of 1939, Code Section 6648.4 et seq., regulating traffic in alcoholic beverages. The suit was instituted by V. M. Stephens against Foy G. Crabtree as Mayor and four other named individuals as Commissioners of the Town of East Ridge. The primary object of the complainant's bill was to secure a certificate of good moral character from the proper officers of the town as a preliminary step to securing a license to operate a liquor store within the corporate limits of East Ridge. The bill

alleged that complainant was a man of good moral character and entitled to the certificate.

The Mayor and Commissioners acting in their official capacity, and on behalf of the municipality, answered the bill and admitted that the complainant had applied for the certificate as aforesaid and that it had been denied. The answer alleged that "the Town of East Ridge was not a municipal corporation as the term is used in Chapter 49 of the Public Acts of 1939 as amended and as set out in Tennessee Code Section 6648.4 to 6648.22."

The 1939 Act defines a municipality within which it is legal to operate a liquor store, as follows:

" 'Municipality' means an incorporated town or city having a population of one thousand (1,000) persons or over by the federal census of 1930 or any subsequent federal census." Section 6648.6(9).

The answer further alleges that the Town of East Ridge was not a full municipality because it did not have any police power in its charter and thereby could not enact nor enforce any ordinances which provided penalties for the violation thereof.

The Chancellor heard the cause of bill and answer and decreed that "the Town of East Ridge is a municipality within the purview of Chapter 49 of the Public Acts of Tennessee of 1939", and sustained the bill. The defendants appealed to this Court and assigned as error the foregoing quoted decree of the court.

We think this is a proper case for a decree in the nature of a declaratory judgment. Code Section 8835.

It appears from the record that on March 11, 1941, in the Circuit Court of Hamilton County, Hon. FRED B. BALLARD, presiding, held in a proceeding similar in all respects to the case at bar (*State ex rel. Lee McCulley* v.

*W. C. Harris, Mayor of East Ridge*) that since the municipality of East Ridge was not clothed with any "police powers" the sale of liquor was illegal in the town. The case was not appealed and the relief prayed for was denied.

Adverting to the quoted definition of a "municipality", supra, it is conceded that East Ridge has a population far in excess of 1,000, that in fact its population is approximately 18,000.

The Chancellor based his decision on *Hamilton County* v. *Town of East Ridge,* 193 Tenn. 677, 249 S. W. (2d) 895, 896, wherein it was held that the Town of East Ridge is a full municipal corporation. The question in that case involved the right of the municipality to impose and collect a privilege tax not to exceed ten (10%) percent on the retail sale of beer within the boundaries of the municipality.

While holding that East Ridge was "a full municipal corporation" with the legal right to collect the privilege tax on the sale of beer, the Court pointed out that by virtue of Chapter 189, Private Acts of 1933, amending the charter "amounted to nothing more than withdrawal from the Town of East Ridge of the authority to exercise certain police powers which are inherent in the State. They are not inherent in a municipal corporation. *Penn-Dixie Cement Corp.* v. [*City of*] *Kingsport,* 189 Tenn. 450, 454, 455, 225 S. W. 2d 270."

We feel bound by the foregoing opinion that East Ridge is a full municipal corporation. The fact that it is not authorized to exercise any and all police powers does not necessarily take it out of the definition of a "municipality", as defined by Code Section 6648.6, supra. It was expressly decided in *Hamilton County* v. *Town of East*

*Ridge,* supra, "The fact that there was withdrawn from the Town of East Ridge one or more of the powers which the Legislature might delegate to a municipal corporation is a fact which does not deprive it of its former character; towit, a municipal corporation."

■ While East Ridge may not be a "full municipality" in the sense that it is not authorized to exercise all police powers, it cannot be denied that it may exercise every right granted by the provisions of its charter, including such powers and authority as may be clearly implied and conceded as being necessary to its existence.

■ The fact that East Ridge may not be empowered to pass ordinances affecting the operation of liquor stores due to the absence of police powers not granted by the Legislature does not control the case at bar. It must be kept in mind that a liquor store that is operated in East Ridge is not located in an area where the enforcement of law is non-existent. Such a store is subject to the statutes of the State of Tennessee relating to every such business. The owners and operators are subject to prosecution in the courts for any and every violation of the law. Moreover, the license issued to every such operator may be revoked by the State Commissioner of Finance and Taxation not only for a violation of the law but also for a violation of *rules and regulations promulgated by him.* See Cumulative Pocket Supplement, 1952, Sections 6648.7 to 6648.19, inclusive, and annotations construing these sections.

We feel constrained to disagree with appellants' counsel that the opinion of Judge Ballard in *State ex rel.* v. *W. C. Harris* and his final judgment, which was not appealed from, is controlling in the case at bar. It was binding only upon the parties to that case. Moreover, it

was overruled in effect by *Hamilton County* v. *East Ridge,* supra. We think the holding of the Court in the latter case is controlling, and sustains the Chancellor's decree. It is accordingly affirmed.